**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| iCRYO Brands, LLC, *et al.*[1], | ) | Case No. 26-90118 |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**DEBTORS' MOTION TO (A) REJECT EXECUTORY CONTRACT**
**PURSUANT TO 11 U.S.C. § 365, (B) MODIFY THE AUTOMATIC**
**STAY PURSUANT TO 11 U.S.C. § 362, (C) APPROVE SETTLEMENT,**
**AND (D) GRANT RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A virtual hearing will be conducted on this matter on <u>March 5, 2026, at 12:00 PM central time</u>. This hearing will be conducted remotely.  Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

iCryo Brands, LLC ("Brands") and iCRYO Franchise Systems, LLC ("iCRYO" and, together with Brands, the "Debtors") , debtors and debtors in possession in the above-referenced

---

[1] Jointly administered with with iCRYO Franchise Systems, LLC, 26-90119.

cases state the following and request entry of an order (a) rejecting the Franchise Agreement, (defined below), (b) approving the Settlement Agreement (defined below) granting, among other things, (i) limited modification of the automatic stay, and (ii) limited use of Proprietary Marks (defined below), and (c) related relief (the "Motion"). In support of this Motion, the Debtors represent:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested are sections 105, 362 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 9013 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 9013-1 and 4001-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and *the Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

## Background

4.      On January 21, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5.      Additional information on the Debtors' business, as well as a description of the reasons for filing these cases, is set forth in the Declaration of Kelly McCullough in Support of the Petitions and the First Day Motions (the "McCullough Declaration").

**The Franchise Agreement**

6.       Effective April 24, 2024, iCRYO entered into that certain Franchise Agreement with Marina and Orestis Pappas (the "Original Franchise Agreement").  A copy of the Original Franchise Agreement is attached hereto as **Exhibit "A"**. Effective January 10, 2025, Marina and Orestis Pappas ("Pappas") assigned their rights and obligations under the Original Franchise Agreement to HP Wellness, Inc. ("HP"), an entity organized and incorporated by Pappas for the purpose of owning and operating the franchised business. iCRYO consented to the assignment and the agreement was set forth in that certain Assumption and Assignment Agreement attached hereto as **Exhibit B** (collectively with the Original Franchise Agreement, the "Franchise Agreement").

7.       HP asserts that iCRYO defaulted under the Franchise Agreement.  iCRYO makes no admission with respect to these allegations.  iCRYO would seek to preserve the assets of the estate by settling this dispute rather than engaging in related litigation.

8.       HP was able to open its franchised business in November, 2025 and has been operating its business since then.

9.       The Debtors have concluded that assumption of the Franchise Agreement is not feasible or in the best interest of the estate. As a result, the Debtors have concluded that (a) the Franchise Agreement should be rejected as soon as possible, and (b) upon rejection of the Franchise Agreement, the automatic stay should be modified for the limited purpose of allowing HP to terminate the Franchise Agreement.

10.       Among the rights granted to HP under the Franchise Agreement is the right to use the "Proprietary Marks," as defined in the Franchise Agreement, which include the iCryo tradename and trademark.

11.       HP seeks to continue the use of the Proprietary Marks upon rejection and

termination of the Franchise Agreement and claims any requirement to cease using the Proprietary Marks immediately would substantially increase HP's rejection damage claim. . [2].

12. Based on the foregoing, HP and the Debtors have agreed (the "<u>Settlement Agreement</u>") as follows:

    a. Upon rejection of the Franchise Agreement, the automatic stay pursuant to Section 362(a) will be modified for the limited purpose of allowing HP to terminate the Franchise Agreement.

    b. Upon entry of the order rejecting the Franchise Agreement, HP will pay to the Debtors the sum of $10,000 (the "<u>HP Payment</u>").

    c. Upon receipt by the Debtors of the HP Payment, (i) iCryo will be deemed to have granted a license (the "<u>Post-Rejection License</u>") to HP to use the Proprietary Marks for a period of two (2) years from the date of rejection of the Franchise Agreement on a royalty free basis free of any restrictions stated in the Franchise Agreement, (ii) the Debtors will be deemed to have released Pappas and HP of any and all claims either Debtor has or may have against Pappas, HP or any of their directors, member, officers and representatives under or relating in any way to the Franchise Agreement, including on account of royalties alleged to be due, (iii) HP and Pappas will be deemed to have released the Debtors, their CRO and their counsel in these proceedings, Driver & Stephenson, PLLC, as well as their financial advisor, Lain, Faulkner & Co., P.C., of any and all claims either has or may have (other, in the case of the Debtors, the Equipment Claim, defined below)) under or relating in any

---

[2] Further, it is not clear that rejection and termination of the Franchise Agreement would, as a matter of law, result in the termination of the right of HP to use the Proprietary Marks. *See Mission Products Holdings, Inc. v. Tempnology, LLC* 139 S.Ct. 1652 1652 (2019).

way to the Franchise Agreement[3]; and (iv) the Debtors will take commercially reasonable efforts to provide to HP the user name and password for the Meta /Facebook account used by HP in connection with its business and provide commercially reasonable cooperation in causing HP to replace iCryo as "super-administrator" on such account.

d.   HP and Pappas retain their claim against the estates in the amount of approximately $150,000 related to payments for purchase of equipment (the "Equipment Claim").

13.   Pursuant to this Motion, the Debtors, Pappas, and HP Wellness, Inc. respectfully request that the Franchise Agreement be rejected as soon as possible and that the related Settlement Agreement be approved. Therefore, the Debtor, in its business judgment, files this Motion.

**Authority and Argument**

14.   Under Section 365(a) of the Bankruptcy Code, a debtor-in-possession "may assume or reject any executory contract or unexpired lease of the debtor" upon approval of the court. 11 U.S.C. § 365(a).   Courts generally approve rejection of executory contracts if the debtor demonstrates that the rejection will benefit the estate under a "business judgment" test. *See Sharon Steel Corp. v. National Fuel Gas Distrib. Corp.,* 872 F.2d 36, 39-40 (3d Cir. 1989).   Courts have previously discussed the deference given to debtors under the business judgment test:

> The court is expected to defer to management's views in applying the business judgment test. *See Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.),* 756 F.2d 1043, 1046 (4th Cir.1985); *Polin v. Conductron Corp.,* 552 F.2d 797, 809 (8th Cir.1977). Only if a proposed transaction-here disposition of a contract-does not serve business purposes may the court substitute its judgment for that of management. *In re Richmond Metal Finishers, Inc.,* 756 F.2d at 1047 ("[C]ourts should defer to-should not interfere with-decisions of corporate directors upon matters entrusted to their business judgment except upon a finding of bad faith or gross abuse of their 'business

---

[3] For the avoidance of doubt, the release from HP and Pappas shall not release any claims against Kyle Jones, William Jones or any other officer, director, member, manager, employee or representative of the Debtors other than the CRO, Driver & Stephenson, PLLC, and Lain, Faulkner & Co., P.C .

discretion.' "); *Computer Sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed. Mogul Global, Inc.),* 293 B.R. 124, 126 (D.Del.2003) ("As [the business judgment test is] applied in the Third Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction.") (citing *In re Martin,* 91 F.3d 389, 396 (3d Cir.1996) (in turn citing *In re Schipper,* 933 F.2d 513, 515 (7th Cir.1991))).

*In re Mirant Corp.*, 348 B.R. 725, 744 (Bankr. N.D.Tex. 2006).

15.     The Franchise Agreement is an executory contract as performance remains due to some extent by iCryo and HP Wellness, Inc. While the Bankruptcy Code does not define "executory contract," the Fifth Circuit has, in the bankruptcy context, considered a contract to be executory if "performance remains due to some extent on both sides" and "if[,] at the time of the bankruptcy filing, the failure of either party to complete performance would constitute a material breach of the contract, thereby excusing the performance of the other party." *See Matter of Murexco Petroleum, Inc.,* 15 F.3d 60, 62-63 (5th Cir.1994); *In re Digicon, Inc.,* 71 Fed. Appx. 442 (5th Cir. 2003). Because some performance still remains by HP Wellness, Inc. and iCryo, the Franchise Agreement is executory and therefore may be rejected pursuant to 11 U.S.C. § 365.

16.     The Debtors have determined in their business judgment that it is in the best interest of the Debtors and their estates to reject the Franchise Agreement so that the Debtors may maximize the value of their estates. Therefore, the Debtors move to reject the Franchise Agreement pursuant to Section 365.

17.     Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); 11 U.S.C. § 1107. Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "'fair and equitable and in the best interest of the estate.'" *In re Cajun Elec. Power Coop., Inc*., 119 F.3d 349, 355 (5th Cir. 1997) (quoting *In re Foster Mortgage Corp*.,

688 F.3d 914, 917 (5th Cir. 1995) (citation omitted)); *see also In re Zale Corp*., 62 F.3d 746, 754 (5th Cir. 1995) (stating that "the 'fair and equitable' determination does not give the bankruptcy court jurisdiction over settlement conditions that do not bear on the court's duties to preserve the estate and protect creditors.").

18.     A decision to accept or reject a compromise or settlement is within the sound discretion of the Court.   See 9 Collier on Bankruptcy ¶ 9019.02 (15th ed. Rev. 2001). "'Compromises are favored in bankruptcy'" because they minimize the costs of litigation and further the parties' interest in expediting administration of a bankruptcy estate.  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. Rev. 1993)).

19.     Furthermore, the settlement need not result in the best possible outcome for the debtor, but must not "'fall beneath the lowest point in the range of reasonableness.'"  *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) (quoting *In re W.T. Grant Co*., 699 F.2d 599, 608 (2nd Cir. 1983)).   Basic to the process of evaluating proposed settlements, then, "is the need to compare the terms of the compromise with the likely rewards of litigation."  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968).

20.     The terms of the Settlement Agreement are fair and reasonable and easily fall above the lowest point in the range of reasonableness.   Further, the Post-Rejection License will generate $10,000 for the Debtors. Finally, the Settlement Agreement eliminates any potential litigation over the post-rejection rights of HP to use the Proprietary Marks.

## **EXPEDITED CONSIDERATION**

21.     Pursuant to Bankruptcy Local Rule 9013-1, the Debtors request expedited consideration of this Motion. The Debtors have a need to reject the Agreements quickly as a term

of the Settlement Agreement. Any delay or failure to obtain the requested relief could jeopardize the Settlement Agreement and thus harm the Debtors' estates. Accordingly, the Debtors have demonstrated that the requested relief is needed to avoid harm to the estate and respectfully requests that the Court grant the relief sought in this Motion.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested in its entirety and any other relief as is just and proper.

Dated: February 20, 2026.                    Respectfully submitted,

By: */s/ Vickie L. Driver*
    Vickie L. Driver
    State Bar No. 24026886
    Christina W. Stephenson
    State Bar No. 24049535
    **DRIVER STEPHENSON, PLLC**
    13155 Noel Road, Suite 900
    Dallas, TX 75240
    Telephone: 214-910-9558
    Email: vickie@driversteplaw.com
    Email: crissie@driversteplaw.com

**PROPOSED COUNSEL FOR DEBTORS**

## CERTIFICATE OF CONFERENCE

On or about February 12, 2026, undersigned counsel conferred with counsel for HP and Pappas regarding the relief requested herein. HP and Pappas agree to the relief requested herein.

*/s/ Vickie L. Driver*
Vickie L. Driver

## CERTIFICATE OF SERVICE

I hereby certify that on February 20th, 2026, a true and correct copy of the foregoing document was served on all parties requesting service via ECF and by first class US Mail, and/or by e-mail as indicated on the Master Service List filed at Doc No. 55.

/s/ *Vickie L. Driver*
Vickie L. Driver