IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **iCRYO Brands, LLC, *et al.*,[1]** | § | **Case No. 26-90118 (CML)** |
| | § | |
| | § | **Jointly Administered** |
| Debtors. | § | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
<u>ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS</u>**

**General**

The Schedules of Assets and Liabilities (collectively, the "<u>Schedules</u>") and the Statements of Financial Affairs (collectively, the "<u>Statements</u>" and, together with the Schedules, the "<u>Schedules and Statements</u>") filed by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the chapter 11 cases (the "<u>Chapter 11 Cases</u>") pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "<u>Bankruptcy Court</u>") were prepared, pursuant to section 521 of the United States Code, Title 11 §§ 101, *et seq.* (as amended, the "<u>Bankruptcy Code</u>"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited. Although the Debtors' few remaining employees have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. The Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to the Chapter 11 Cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers), and the Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The Schedules and Statements have been signed by Kelly McCullough, the duly appointed Chief Restructuring Officer as of January 21, 2026. In reviewing and signing the Schedules and Statements, Mr. McCullough necessarily relied upon the efforts, statements, and representations

---

[1] Jointly administered with *iCRYO Franchise Systems, LLC*, 26-90119.

of the Debtors' employees and professionals. Mr. McCullough has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

**Description of the Cases**

On January 21, 2026 (the "Petition Date"), iCRYO Brands, LLC ("Brands") and iCRYO Franchise Systems, LLC ("Franchise") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors' cases are jointly administered under Case No. 26-90118 in the Bankruptcy Court before the Honorable Christopher M. Lopez. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of close of business on January 21, 2026, and the liability data of the Debtors as of close of business on January 21, 2026.

**Basis of Presentation**

The Debtors underwent a failed conversion from QuickBooks Online to Sage Intacct in 2024. As of approximately May 2025, the Debtors' accounting department staff appears to have ceased trying to use either accounting systems, resulting in unreliable books and records. The Debtors' last filed a federal tax return for the 2023 tax year; Franchise's last audited financials were for the 2024 year.[3] The Debtors' books and records are not reasonably based on their annual tax reporting or any recognized basic accounting principles. Without fully reconstructing the Debtors' books and records back to the failed conversion (or earlier), these Schedules and Statements reflect the assets and liabilities of each Debtor, except where it was impossible to determine if the debt belonged to a defunct subsidiary of Brands and such debt may be guaranteed by Brands. Those co-debtor relationships are reflected to the best of the Debtors' ability. Information contained in the Schedules and Statements has been derived, to the best of the Debtors' advisors' ability, from the Debtors' books and records and historical financial information.

The irregularity and incompleteness of Debtors' books and records as observed by the Debtors' advisors makes it impossible to know what assets or liabilities may not be properly recorded, and thus may be excluded or omitted from these Schedules and Statements.

---

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared Global Notes with respect to either of the Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes to any of the Debtors' other Schedules and Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

[3] The audit was performed by Kezos & Dunlavey Certified Public Accountants and Business Advisors.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Amendment**

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

### General Disclosures Applicable to Schedules and Statements

1.      **Causes of Action.**   Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims or causes of action and neither these Global Notes nor the Schedules and Statements shall (i) be deemed a waiver of any such claims or causes of actions or (ii) in any way prejudice or impair the assertion of any such claims or causes of action.

2.      **Recharacterization.**   The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, to the extent any items reported in the Schedules and Statements have been improperly characterized, classified, categorized, or designated, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate such items at a later time as necessary or appropriate as additional or more accurate information becomes available.

3.      **Claim Designations.**   Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4.      **Unliquidated Claim Amounts.**   Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.      **Court Orders.**   Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases (collectively, and as amended or modified, the "Prepetition Payment Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees and insurance premium financing. Regardless of whether such

claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court, the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary or appropriate.

6. **Valuation.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the Petition Date are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balances as of the Petition Date. Due to limitations in the preparation software, it is impossible to insert a negative balance, as such, those balances are notes in Schedule A/B as "$0" and those negative balances are included in these Notes. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

7. **Confidential or Sensitive Information.** There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerning the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Any such redactions will be limited to only what is necessary to protect the Debtors or applicable third parties. An unredacted version will be provided to the U.S. Trustee's Office.

8. **Leases.** The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an outstanding amount as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

9. **Receivables.** The Debtors have not listed individual counterparty accounts receivable balance information as the Company considers its list of counterparties to be proprietary and confidential.

10. **Guarantees and Other Secondary Liability Claims.** The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

11. **Intellectual Property Rights.** The Debtors have made every effort to include owned intellectual property in their Schedules. However, exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion

of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

12.    **Mechanics' Liens.**  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens.

13.    **Estimates.**  To prepare and file the Schedules, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

14.    **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

15.    **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are stated at net book value.

16.    **Claims of Third-Party Related Entities.**  While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

17.    **Umbrella or Master Agreements.**  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

18.    **Setoffs and Recoupment.**  The Debtors incur setoffs and net payments in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, refunds, warranties, and other disputes between the Debtors and their customers or vendors. Therefore, the economic impact of claims related to setoff and recoupment are excluded from the Debtors' responses to Question 6 of the Statement of Financial Affairs.

19.    **Insiders.**  The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (1) an individual or entity owning 5% or more of the membership interests of a Debtor, (2) officers or directors of any of the Debtors, (3) the Debtors' insider employees, (4) a person married to any of the foregoing; or (5) a person in control of one of the

Debtors. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

20. **Indemnification.** The Debtors' various charters, bylaws, operating agreements, partnership agreements, and other corporate and governance documents provide indemnification rights to certain eligible officers, directors and employees on the particular terms set forth in the applicable corporate and governance documents. The Debtors have not reached a determination with respect to whether certain potentially indemnified persons are ineligible for indemnification under the terms of the applicable corporate and governance documents and certain such persons are therefore listed on the applicable Debtors' Schedule E/F. To the extent that the Debtors have entered into separate contracts with certain executives and former executives, agreeing to indemnify them in certain circumstances according to the particular terms and conditions set forth in those contracts, such contracts are listed on Schedule G. The Debtors have not reached a determination as to whether the persons who are parties to these contracts are eligible for indemnification. Consequently, the Debtors have separately listed on Schedule G all contracts with such persons, but Debtors reserve all rights with respect thereto, including the right to assert that the individual is not entitled to indemnification and that the provisions do not constitute executory contracts.

21. **Payments.** The financial affairs and business of the Debtors are complex. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate. Payments made are listed by the legal entity making such payment notwithstanding that many such payments will have been made on behalf of another legal entity.

22. **Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

**Specific Notes Applicable to Schedules and Statements**

**Specific Notes Regarding Schedule A/B**

1.      **Part 1: Cash and Cash Equivalents.** Two of the Debtors' bank accounts had negative balances as of the Petition Date.  Such account balances are listed below:

      a.   Brands; JP Morgan Chase; Acct Ending 6262; Balance ($6,991)

      b.   Franchise; JP Morgan Chase; Acct Ending 5086 ; Balance ($13,865.15)

2.      **Part 3: Accounts Receivable.** In 2024, many of the franchisees ceased paying the royalty and other fees due to Franchise under the various agreements between the parties. In order to prevent any unanticipated consequences of disclosing which franchisees have or have not been paying their fees, such, this detail is not included in Schedule A/B or a schedule thereto.  While these amounts were accrued back to 2024, the Debtors have listed them as due within 90 days or less. The Debtors are still assessing the collectability due to solvency of the individual franchisees.

3.      **Part 4: Investments.** On the Petition Date, Brands owned seven (7) subsidiaries 100%. RWES, LLC, Pamco Supply, LLC, Team Construction Services, LLC, iCRYO Franchise Systems, LLC (jointly administered Debtor in these Cases), iMED Consulting Group, LLC, iCRYO Preston Hollow, LLC, and Zenith Marketing Agency, LLC. RWES, Pamco, Team Construction, Preston Hollow, and Zenith had sold all of their assets or ceased operating as a purely service company, as of the Petition Date. Franchise and iMED Consulting are estimated to have no value to their membership interests due to their inability to pay their debts as they came due. The Debtors' estimates contained in Schedule A/B shall not be construed as a waiver of any value that may exist, whether known or unknown at this time, if discovered.

4.      **Part 7: Office Furniture, Fixtures, Equipment.** Schedule A/B for each Debtor lists certain office furniture, assorted computer equipment. The book values listed are sourced from the Debtors' 2023 tax return supporting schedules; the current value was estimated using 2023 depreciation expense calculations. The Debtors' employees and advisors were unable to determine whether these assets were owned by Brands or Franchise from a review of the Debtors' books and records, so the Debtors' employees and advisors used the listing of such assets in the 2023 tax return to provide the best estimate of what was owned by each Debtor as of the Petition Date. The Debtors' landlord locked them out of their office space prior to the Petition Date.  The Debtors' advisors inspected this office space and an additional offsite storage facility and observed outdated and used office furniture and computer equipment.

5.      **Part 8: Vehicles.** On the Petition Date, the Debtors were not in possession of, nor could any titles be located in the name of either Debtor for any vehicles.  While the Debtors' 2025 tax return lists several vehicles as assets, it appears the titles may be in the name of certain of the Debtors' employees, creating confusion as to their true ownership.  This is more particularly described in these Global Notes, Statements Part 6, Question 13.

6.      **Part 10: Intangibles and Intellectual Property.** The Debtors own certain domain names, including www.icryo.com, as well as certain proprietary processes and procedures as well as numerous training protocols.  These are not readily valued separate and apart from the Debtors' ongoing business without undue burden to the estate.

7.      **Part 11: All Other Assets.**

a.      <u>Houston Cryo Group Sale.</u> Brands sold the membership interests in Houston Cryo Group, LLC to Elev8ed Brands, LLC in August 2024 under that certain *Interest Purchase Agreement*. The purchase price was partially paid by that certain *Secured Promissory Note and Pledge Agreement* whereunder Elev8ed Brands, LLC owed Brands $452,500. Calculations are ongoing as to how much remains to be repaid under this instrument; however, it is referenced therein that Brands received $200,000 before its execution and $95,000 upon its execution, and the remaining balance was due to certain owners of Brands; however, no document has been located that explains how these three individuals should have directly received compensation from the sale of a Brands asset.

b.      <u>Brands Sale of iCRYO Preston Hollow, LLC.</u> On May 1, 2024, Brands entered into that certain *Asset Purchase Agreement* with Aligned Assignment, Inc. to purchase the assets of iCRYO Preston Hollow, LLC.  The purchase price thereunder was funded by that certain *Secured Promissory Note and Pledge Agreement* whereunder Aligned Assignment, Inc. owed Brands $383,533. Payments were to be made monthly beginning on November 1, 2024, in the amount of $7,102. Calculations are ongoing as to how much remains to be repaid under this instrument.

Certain instruments reflected in Schedule A/B may contain renewal options, guarantees or payments, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B. The Debtors reserve the right to assert that any instrument listed on Schedule A/B is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim. The Debtors failure to list any rights in real property on Schedule A/B shall not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

**Specific Notes Regarding Schedule D**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims. the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such

results is not nor shall it be deemed to be an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

**Specific Notes Regarding Schedule E/F**

1.     **Creditors Holding Priority Unsecured Claims.**   The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

Some of the claims listed on the Debtors' Schedule E/F, Part 1 are owed to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E/F, Part 1. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of on-going audits or other outstanding issues.

The remaining priority claims are up to the statutory limit of $17,150 per employee. While generally Brands paid employees pre-petition, there were occasions that Franchise and iMED Consulting LLC paid employees.[4] In addition, the Brands ceased paying payroll taxes on amounts paid to employees in the fourth quarter of 2024; however, such amounts were deducted from the employees' paychecks and ostensibly were "withheld."[5] Brands did not file any payroll tax reports for 2025. All withholdings required on every post-petition payroll have been properly escrowed, and paid in the ordinary course of business.

In July 2025, the Debtors ceased paying for medical insurance, resulting in a retroactive cancellation of the employees' health insurance in November 2025 back to July 2025, causing employees to have medical claims coverage reversed for claims made during that period of time. Despite not making these medical insurance payments, the Debtors continued to deduct the employee portion of medical insurance costs from the employee's compensation.  The Debtors

---

[4]     This was generally done when Brands' bank account was negative.
[5]     Robert "Bob" Morgan "converted" to an independent contractor in November/December 2025.

employees and advisors are unable to estimate those amounts for all employees because we have not received notice of amounts those employees have accrued.

In January 2025, the Debtor also ceased depositing 401(k) contributions from the Debtors' employees as well as failed to make the Debtors' matching contributions and failed to make payments on employees' 401(k) loans, despite withholding such amounts from employees' paychecks.

The Debtors also reduced payroll for the leadership team in the middle of a payroll due August 2025, with the promise of it being retroactively corrected to the full salary in sixty (60) days. It is noteworthy that Ms. Latricia Mills, despite being considered part of the leadership team and the VP of Accounting, implemented these payroll reductions, but did not process a payroll reduction for herself. An increase back to the full rate of pay was never implemented for those who did receive the pay reduction.

A review of the Debtors' books and records reveals that due to the Debtors' failure to remit the payments withheld from employees' paychecks, they were unable to continue using ADP to process their payroll, although they maintained the system for tracking paid time off and employees' tax withholding changes (although the Debtors' accounting department failed to track those changes properly and timely). In addition, the calculation of withholdings from employee paychecks was outside of a payroll system, and not according to any established process or procedure that could be discerned by the Debtors' employees and advisors. However, the Debtors' advisors reviewed paychecks received by the Debtors' post-petition retained employees and determined the anomalies in what was recorded as a payment, and what was actually received. Using these as a small sample size, the Debtors' employees and advisors have calculated amounts due to employees considering the nonpayment of withholdings, grossing up payroll to the proper non-reduced amount, and attempted to calculate the amount due to each employee for missed payrolls (or portions of payroll).

Given the above challenges, the Debtors reserve the right to amend or restate the claims listed in Schedule E/F, and anticipate filed claims by employees may differ, and reserve the right to reconcile those as the supporting documentation is provided.

2.    **Creditors Holding Nonpriority Unsecured Claims.**  The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records.

Schedule E/F, Part 2 does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected in the Debtors' books and records. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F, Part 2 does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

10

The claims listed in Schedule E/F, Part 2 arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F, Part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F, Part 2.

Schedule E/F, Part 2, to the extent known, reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F, Part 2. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

3.     **Schedule – Intercompany.**  The Debtors maintain business relationships between and among themselves resulting in intercompany receivables and payables and other claims in the ordinary course of business. Notably, reconciliation of the Debtors' books and records is not possible given the cost for such a task and the inability of the Debtor's VP of Accounting to provide a date upon which the Debtors' books and records were reliable. Any intercompany accounts payable and accounts receivable figures listed herein may require amendment in the event a reconciliation process is instituted.

**Specific Notes Regarding Schedule G**

1.     **Executory Contracts.**  While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects

such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, non-disturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

**Specific Notes Regarding Schedule H**

**Co-Debtors.**  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert

cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

**Specific Notes Regarding Statements**

1.     **Part 1: Revenue.**     The Debtors' advisors had to analyze the Debtors' bank statements to attempt to find reasonable answers to the Debtors' revenue. In addition, while the Debtors did sell certain assets in the year leading to the Petition Date on Facebook Marketplace, those sales, upon information and belief, were made by certain of Brands employees. It is the Debtors' advisors' understanding that those sales proceeds were deposited in the Debtors' books. No verification of these amounts and deposits has been possible as of the date of the filing of the Statements, and an investigation is ongoing, the conclusion of which may require amendment or supplement to this Part of the Statements.

2.     **Part 2: Transfers Made Before Filing.**     As above, the Debtors' advisors had to analyze the Debtors' bank statements to attempt to find reasonable answers to the Debtors' transfers within the ninety (90) days prior to the Petition Date and those to insiders within one (1) year of the Petition Date. The following were the insiders to which transfers were calculated and disclosed on Number 4 in this Part of the Statements: William Jones, Kyle Jones, Pamela Jones, Phillipe Defoy, Defoy Holding, LLC, Scott Briner, Robert Morgan, Terra Holmes, all Brands subsidiaries, and Ms. Latricia Mills.

3.     **Part 6: Question 13 Transfers Not Already Listed.**     The Debtors' 2023 tax return listed certain vehicles, including a boat and a golf cart, as well as certain cryogenic equipment. As of the Petition Date, none of these items were in the possession, custody or control of the Debtors. According to Kyle W. Jones, all titles to motor vehicles were held in individual names, but the Debtors paid the payments thereon, which conflicts with the last filed 2023 tax return. None of the titles were available for inspection as of the Petition Date; however, requests have been made for them to examine true ownership. Upon information and belief, below is the detail on their status or location as of the Petition Date:

a.   <u>Mercedes E Class:</u> Sold by Kyle W. Jones three (3) years ago;

b.   <u>2019 GMC Yukon and Rinker 340 Boat:</u> Transferred to Robert Morgan in November 2024 in exchange for a $40,000 payment on a Promissory Note from Brands to Morgan;

c.   <u>2021 Tesla:</u> In Pamela Jones possession.

d.   <u>2022 Tesla:</u> Wrecked while in William Jones' possession.

e.   <u>Golf Cart:</u> Raffled off to a vendor at the 2022 Annual Franchisee Conference but winner never took possession; accounts of where it is today differs with one recalling it was sold by William Jones to an unknown party in the past year and another believing it is still in his possession and listed on Facebook Marketplace for $7,500.

4.  In addition, certain of Brands subsidiaries showed ownership of cryogenic equipment on the 2023 tax return, specifically RWES, LLC and iCRYO Preston Hollow, LLC. Further, while not specifically included in the 2023 tax return, Brands earned a theralight bed for every ten (10) they sold, resulting in five (5) such beds being delivered as follows:

   a.  Preston Hollow (location sold to a franchisee who still owes $300,000 on the purchase price);

   b.  24Hour Fitness (closed);

   c.  Fort Wayne (closed);

   d.  Shadow Creek (sold to franchisee who may still owe a balance to Brands); and

   e.  League City (closed for relocation).

The Debtors intend to investigate where these are and if they are owned by the Debtors and whether it would be productive to liquidate them or if returning them to the vendor who provided them in exchange for a reduced claim would be more efficient.

**Fill in this information to identify the case:**

Debtor name    **iCRYO Brands, LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF TEXAS

Case number (if known)    **26-90118**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■  *Schedule H: Codebtors* (Official Form 206H)

■  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule*

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 26, 2026**          X /s/ Kelly McCullough
                                              Signature of individual signing on behalf of debtor

                                              **Kelly McCullough**
                                              Printed name

                                              **Chief Restructuring Officer**
                                              Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name   **iCRYO Brands, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **26-90118**

☐ Check if this is an
    amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                              **12/15**

| Part 1: | **Summary of Assets** |
|---|---|

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*............................................................................   $     **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*......................................................................   $     **663,943.99**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*........................................................................   $     **663,943.99**

| Part 2: | **Summary of Liabilities** |
|---|---|

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................   $     **1,271,178.43**

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................   $     **1,379,703.93**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................   +$     **5,786,519.19**

4.   **Total liabilities** ....................................................................................................
    Lines 2 + 3a + 3b

$     **8,437,401.55**

| Fill in this information to identify the case: |
|---|

Debtor name   **iCRYO Brands, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **26-90118**

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Chase Bank** | **Checking** | **6262** | $0.00 |
| 3.2. | **Chase Bank (iMED Consulting Group)** | **Checking** | **5173** | $13,109.23 |
| 3.3. | **Chase Bank (PAMCO Supply, LLC)** | **Checking** | **0717** | $1.20 |
| 3.4. | **Chase Bank (RWES, LLC)** | **Checking** | **0725** | $2.59 |
| 3.5. | **Chase Bank (Team Construction Services, LLC)** | **Checking** | **5233** | $9.00 |
| 3.6. | **Chase Bank (Zenith Marketing Agency, LLC)** | **Checking** | **7077** | $5.00 |

4.    **Other cash equivalents** *(Identify all)*

Debtor  **iCRYO Brands, LLC**                                      Case number *(If known)*  **26-90118**
          Name

5.   **Total of Part 1.**                                                                        | **$13,127.02** |

     Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | **Deposits and Prepayments** |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☐ No.  Go to Part 3.
■ Yes Fill in the information below.

7.   **Deposits, including security deposits and utility deposits**
     Description, including name of holder of deposit

     7.1.  **ABB_WS Lease deposit**                                                        **$3,895.50**

8.   **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
     Description, including name of holder of prepayment

9.   **Total of Part 2.**                                                                       | **$3,895.50** |

     Add lines 7 through 8. Copy the total to line 81.

| Part 3: | **Accounts receivable** |
|---|---|

10. **Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | **Investments** |
|---|---|

13. **Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

|  |  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 14. | **Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: |  |  |
| 15. | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**<br>Name of entity:                                      % of ownership |  |  |
| 15.1. | **iCRYO Franchise Systems, LLC**       100 % | See Notes | $0.00 |
| 15.2. | **RWES, LLC**       100 % | See Notes | $0.00 |
| 15.3. | **PAMCO Supply, LLC**       100 % | See Notes | $0.00 |
| 15.4. | **Team Construction Services, LLC**       100 % | See Notes | $0.00 |

| Debtor | **iCRYO Brands, LLC** | | | Case number *(If known)* | **26-90118** |
| | Name | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 15.5. | **iMED Consulting Group, LLC** | **100** | % | **See Notes** | **$0.00** |
| 15.6. | **Zenith Marketing Agency, LLC** | **100** | % | **See Notes** | **$0.00** |
| 15.7. | **ICRYO Preston Hollow, LLC** | **100** | % | **See Notes** | **$0.00** |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4.**                                                   **$0.00**
Add lines 14 through 16.  Copy the total to line 83.

**Part 5:**    **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture**<br>**See Exhibit A - Assets** | $242,388.00 | **See Notes** | $106,388.00 |

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**                               **$106,388.00**
Add lines 39 through 42.  Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No

Debtor   **iCRYO Brands, LLC**                                    Case number *(If known)*   **26-90118**
_____
Name

☐ Yes

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 8:**    **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:**    **Real property**

54. **Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:**    **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.    **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61.    **Internet domain names and websites** **www.icryo.com** | **Unknown** | | **Unknown** |

62.    **Licenses, franchises, and royalties**

63.    **Customer lists, mailing lists, or other compilations**

64.    **Other intangibles, or intellectual property**

65.    **Goodwill**

66.    **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

|  |
|---|
| **$0.00** |

67.    **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
■ No
☐ Yes

68.    **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
■ No
☐ Yes

69.    **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 11:**    **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

Debtor   **iCRYO Brands, LLC**
Name

Case number *(If known)*   **26-90118**

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

|  | | Current value of debtor's interest |
|---|---|---|

71.  **Notes receivable**
Description (include name of obligor)
**Secured Promissory Note proceeds due from Elev8ed Brands, LLC for the sale of 100% of the  membership interests in Houston Cryo Group, LLC owed by Brands to Elev8ed to be paid to others. (See Notes)**

**157,000.00** - _____  **0.00** = _____
Total face amount            doubtful or uncollectible amount

**$157,000.00**

**Secured Promissory Note and Pledge Agreement dated May 1, 2024 in the original principal amount of $383,533.47 due to Brands from Aligned Assignment, Inc., CEO, Ceasar Torres. This  secured the purchase price for the assets of ICRYO Preston Hollow, LLC, owned 100% by Brands. This sale was in assumption of $331,292.09 in liabilities and the above referenced Secured Promissory Note. Mr. Torres has guaranteed the performance and payment of the Secured Promissory Note. (See Notes)**

**383,533.47** - _____  **0.00** = _____
Total face amount            doubtful or uncollectible amount

**$383,533.47**

72.  **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73.  **Interests in insurance policies or annuities**

**D&O Insurance Policy**

**$0.00**

**Professional Liability E&O**

**$0.00**

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**
**Potential Claims against individuals or Board of Directors or other causes of action harming the Debtors pre-petition.**

**Unknown**

Nature of claim _____
Amount requested      **$1,750,000.00**

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed** *Examples:* Season tickets,

Debtor   **iCRYO Brands, LLC**                                Case number *(If known)*  **26-90118**
          _____
          Name

country club membership

78.   **Total of Part 11.**                                              | **$540,533.47** |
      Add lines 71 through 77. Copy the total to line 90.

79.   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
      ■ No
      ☐ Yes

| Debtor | **iCRYO Brands, LLC** | | Case number *(If known)* | **26-90118** |
|---|---|---|---|---|
| | Name | | | |

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $13,127.02 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $3,895.50 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $106,388.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.............................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $540,533.47 | |
| 91. **Total.** Add lines 80 through 90 for each column | $663,943.99 | + 91b.   $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $663,943.99 |

iCRYO Brands, LLC
Southern District of Texas, Case 26-90118

**2023 DEPRECIATION AND AMORTIZATION REPORT**

ICRYO BRANDS, LLC                                                           OTHER    1

| Asset No. | Description | Date Acquired | Method | Life | Conv | Line No. | Unadjusted Cost Or Basis | Bus % Excl | Section 179 Expense | * Reduction In Basis | Basis For Depreciation | Beginning Accumulated Depreciation | Current Sec 179 Expense | Current Year Deduction | Ending Accumulated Depreciation |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 81 | SOFTWARE | 10/01/22 | | 60M | | 43 | 89,655. | | | | 89,655. | 4,483. | | 17,931. | 22,414. |
| 91 | SOFTWARE R&D | 07/01/22 | | 60M | | 43 | 250,210. | | | | 250,210. | 25,021. | | 50,042. | 75,063. |
| * | OTHER TOTAL OTHER | | | | | | 339,865. | | | | 339,865. | 29,504. | | 67,973. | 97,477. |
| | BUILDINGS | | | | | | | | | | | | | | |
| 82 | LEASEHOLD IMPROVEMENTS | 10/25/22 | SL | 39.00 | MM | 17 | 20,747. | | | | 20,747. | 111. | | 532. | 643. |
| * | OTHER TOTAL BUILDINGS | | | | | | 20,747. | | | | 20,747. | 111. | | 532. | 643. |
| | FURNITURE & FIXTURES | | | | | | | | | | | | | | |
| 83 | COMPUTER-BEST BUY | 07/25/22 | 200DB | 5.00 | HY | 17 | 2,485. | | | 2,485. | | | | 0. | |
| 84 | FURNITURE-SIGNATURE | 09/02/22 | 200DB | 7.00 | HY | 17 | 8,173. | | | 8,173. | | | | 0. | |
| 85 | FURNITURE-WAYFAIR | 10/26/22 | 200DB | 7.00 | HY | 17 | 5,993. | | | 5,993. | | | | 0. | |
| * | OTHER TOTAL FURNITURE & FIXTURES | | | | | | 16,651. | | | 16,651. | 0. | 0. | | 0. | 0. |
| | TRANSPORTATION EQUIPMENT | | | | | | | | | | | | | | |
| 86 | MERCEDES CLASS E | 05/01/22 | 200DB | 5.00 | HY | 17 | 54,844. | | | 54,844. | | | | 0. | |
| 87 | 2019 GMC YUKON | 06/04/22 | 200DB | 5.00 | HY | 17 | 72,499. | | | 72,499. | | | | 0. | |
| 88 | 2021 TESLA | 05/04/22 | 200DB | 5.00 | HY | 17 | 60,375. | | | 60,375. | | | | 0. | |
| 89 | 2022 TESLA | 06/17/22 | 200DB | 5.00 | HY | 17 | 93,313. | | | 93,313. | | | | 0. | |
| * | OTHER TOTAL TRANSPORTATION EQUIP | | | | | | 281,031. | | | 281,031. | 0. | 0. | | 0. | 0. |
| * | GRAND TOTAL OTHER DEPR & AMORT | | | | | | 658,294. | | | 297,682. | 360,612. | 29,615. | | 68,505. | 98,120. |

328111 04-01-23

(D) · Asset disposed                    * ITC, Salvage, Bonus, Commercial Revitalization Deduction, GO Zone

12.1

**Fill in this information to identify the case:**

Debtor name **iCRYO Brands, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known) **26-90118**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
| --- | --- | --- | --- | --- |
| **2.1** | **Agile Lending**<br>Creditor's Name | Describe debtor's property that is subject to a lien | **$1,271,178.43** | **$0.00** |
| | **104 E 25th Street, 10th Floor**<br>**New York, NY 10010**<br>Creditor's mailing address | | | |
| | | **Describe the lien**<br>**All Assets** | | |
| | | **Is the creditor an insider or related party?**<br>■ No<br>☐ Yes | | |
| | Creditor's email address, if known | **Is anyone else liable on this claim?**<br>☐ No<br>■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| | **Date debt was incurred** | | | |
| | **Last 4 digits of account number** | | | |
| | **Do multiple creditors have an interest in the same property?**<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>■ Unliquidated<br>■ Disputed | | |

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | **$1,271,178.43** |

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
| --- | --- |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- |
| | | |

**Fill in this information to identify the case:**

Debtor name    **iCRYO Brands, LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF TEXAS

Case number (if known)    **26-90118**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $516.96 | $516.96 |
| **Employee 1** | ☐ Contingent ☐ Unliquidated ☐ Disputed | | |
| Date or dates debt was incurred | Basis for the claim: | | |
| Last 4 digits of account number | Is the claim subject to offset? | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | ☑ No ☐ Yes | | |

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.2** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $5,536.17 | $5,536.17 |
| **Employee 10** | ☐ Contingent ☐ Unliquidated ☐ Disputed | | |
| Date or dates debt was incurred | Basis for the claim: | | |
| Last 4 digits of account number | Is the claim subject to offset? | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | ☑ No ☐ Yes | | |

| Debtor | **iCRYO Brands, LLC** | Case number (if known) | **26-90118** |
|---|---|---|---|
| | Name | | |

---

**2.3** | Priority creditor's name and mailing address
**Employee 11**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$3,108.76    $3,108.76

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

---

**2.4** | Priority creditor's name and mailing address
**Employee 12**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$4,444.71    $4,444.71

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

---

**2.5** | Priority creditor's name and mailing address
**Employee 13**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$4,093.04    $4,093.04

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

---

**2.6** | Priority creditor's name and mailing address
**Employee 14**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$5,460.21    $5,460.21

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

---

| Debtor | **iCRYO Brands, LLC** | Case number (if known) | **26-90118** |
|---|---|---|---|

Name

---

| 2.7 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $4,707.49 | $4,707.49 |
|---|---|---|---|---|

**Employee 15**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred                 Basis for the claim:

Last 4 digits of account number                 Is the claim subject to offset?

Specify Code subsection of PRIORITY              ■ No
unsecured claim: 11 U.S.C. § 507(a) (4)          ☐ Yes

---

| 2.8 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $5,323.12 | $5,323.12 |
|---|---|---|---|---|

**Employee 16**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred                 Basis for the claim:

Last 4 digits of account number                 Is the claim subject to offset?

Specify Code subsection of PRIORITY              ■ No
unsecured claim: 11 U.S.C. § 507(a) (4)          ☐ Yes

---

| 2.9 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $8,249.39 | $8,249.39 |
|---|---|---|---|---|

**Employee 17**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred                 Basis for the claim:

Last 4 digits of account number                 Is the claim subject to offset?

Specify Code subsection of PRIORITY              ■ No
unsecured claim: 11 U.S.C. § 507(a) (4)          ☐ Yes

---

| 2.10 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $45,556.87 | $17,150.00 |
|---|---|---|---|---|

**Employee 18**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred                 Basis for the claim:

Last 4 digits of account number                 Is the claim subject to offset?

Specify Code subsection of PRIORITY              ■ No
unsecured claim: 11 U.S.C. § 507(a) (4)          ☐ Yes

---

| Debtor | **iCRYO Brands, LLC** | Case number (if known) | **26-90118** |
|--------|----------------------|------------------------|--------------|
| | Name | | |

| 2.11 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $8,831.81 | $8,831.81 |
|------|---------------------------------------------|------------------------------------------------|-----------|-----------|
| | **Employee 19** | *Check all that apply.* | | |

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

---

| 2.12 | Priority creditor's name and mailing address | $18,678.52 | $17,150.00 |
|------|---------------------------------------------|-----------|-----------|
| | **Employee 2** | | |

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

---

| 2.13 | Priority creditor's name and mailing address | $527,119.90 | $17,150.00 |
|------|---------------------------------------------|-------------|-----------|
| | **Employee 20** | | |

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

---

| 2.14 | Priority creditor's name and mailing address | $11,992.78 | $11,992.78 |
|------|---------------------------------------------|-----------|-----------|
| | **Employee 21** | | |

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

| Debtor | **iCRYO Brands, LLC** | Case number (if known) | **26-90118** |
|---|---|---|---|
| | Name | | |

---

| 2.15 | Priority creditor's name and mailing address<br>**Employee 22** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$64,751.75** | **$17,150.00** |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | ■ No<br>☐ Yes | | |

---

| 2.16 | Priority creditor's name and mailing address<br>**Employee 23** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$148,830.28** | **$17,150.00** |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | ■ No<br>☐ Yes | | |

---

| 2.17 | Priority creditor's name and mailing address<br>**Employee 3** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$253.77** | **$253.77** |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | ■ No<br>☐ Yes | | |

---

| 2.18 | Priority creditor's name and mailing address<br>**Employee 4** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$1,246.14** | **$1,246.14** |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | ■ No<br>☐ Yes | | |

| Debtor | **iCRYO Brands, LLC** | Case number (if known) | **26-90118** |
|---|---|---|---|

Name

| 2.19 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $1,346.15 | $1,346.15 |
|---|---|---|---|---|

**Employee 5**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

| 2.20 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $2,030.72 | $2,030.72 |
|---|---|---|---|---|

**Employee 6**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

| 2.21 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $6,658.63 | $6,658.63 |
|---|---|---|---|---|

**Employee 7**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

| 2.22 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $5,053.23 | $5,053.23 |
|---|---|---|---|---|

**Employee 8**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

■ No
☐ Yes

| Debtor | **iCRYO Brands, LLC** | Case number (if known) | **26-90118** |
|---|---|---|---|
| | Name | | |

| 2.23 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $3,231.57 | $3,231.57 |
|---|---|---|---|---|

**Employee 9**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.24 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $492,681.96 | $492,681.93 |
|---|---|---|---|---|

**Internal Revenue Service**
**Special Procedures-Insolvency**
**P.O. Box 7346**
**Philadelphia, PA 19101-7346**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $125,000.00 |
|---|---|---|---|

**360 DG OCLA, LLC**
**c/o Debt Recovery Attorneys**
**17595 Harvard Ave, Suite C-557**
**Irvine, CA 92614**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Date(s) debt was incurred __

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

---

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $71,630.00 |
|---|---|---|---|

**ABB-WS, LLC**
**c/o Central Management Services, Inc.**
**820 Gessner, Suite 1525**
**Houston, TX 77024**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Lease**

Date(s) debt was incurred __

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

---

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $102,365.00 |
|---|---|---|---|

**American Express**
**200 Vesey Street**
**New York, NY 10285**

■ Contingent
■ Unliquidated
■ Disputed

Basis for the claim:  **Line of Credit**

Date(s) debt was incurred __

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

---

| Debtor | **iCRYO Brands, LLC** | Case number (if known) | **26-90118** |
|---|---|---|---|
| | Name | | |

| 3.4 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$177,847.74** |
|---|---|---|---|

**American Express National Bank**
**115 W Towne Ridge Parkway**
**Sandy, UT 84070**

■ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred  __

Last 4 digits of account number  __

Basis for the claim:  Line of Credit

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.5 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$53,742.45** |
|---|---|---|---|

**Aria Signs & Design LLC**
**14409 Reeveston Rd.**
**Houston, TX 77039**

■ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred  __

Last 4 digits of account number  __

Basis for the claim:  Trade Debt

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.6 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$73,149.85** |
|---|---|---|---|

**CapChase Inc**
**116 East 27th Street, 4th Floor**
**New York, NY 10016**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  __

Last 4 digits of account number  __

Basis for the claim:  Lender-Sage

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.7 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$40,823.53** |
|---|---|---|---|

**Chamberlain, Hrdlicka, White, Williams,**
**& Aughtry, PC**
**1200 Smith Street, Suite 1400**
**Houston, TX 77002**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  __

Last 4 digits of account number  __

Basis for the claim:  Professional Services

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.8 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$10,071.50** |
|---|---|---|---|

**Cision US, Inc**
**1785 Greensboro Station**
**8th Floor**
**Mc Lean, VA 22102**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  __

Last 4 digits of account number  __

Basis for the claim:  Trade Debt

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.9 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$7,765.25** |
|---|---|---|---|

**Comcast Business**
**c/o McCarthy, Burgess, & Wolff**
**26000 Cannon Road**
**Bedford, OH 44146**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  __

Last 4 digits of account number  __

Basis for the claim:  Utilities

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.10 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,326,080.00** |
|---|---|---|---|

**Cryo Built**
**1534 N Market Blvd.**
**Sacramento, CA 95834**

☐ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred  __

Last 4 digits of account number  __

Basis for the claim:  __

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **iCRYO Brands, LLC** | Case number (if known) | **26-90118** |
|---|---|---|---|
| | Name | | |

| 3.11 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | $1,350,000.00 |
|---|---|---|---|

**Defoy Holding, Inc.**
**c/o Jason Binford Esq.**
**401 Congress Ave., Suite 2100**
**Austin, TX 78701**

Date(s) debt was incurred _
Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __Lender__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.12 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | $62,156.17 |
|---|---|---|---|

**Elev8ed**
**12517 Grayton Dr**
**La Marque, TX 77568**

Date(s) debt was incurred _
Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.13 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | $7,136.25 |
|---|---|---|---|

**Finlayson & Singlehurst**
**700-225 Metcalfe Street**
**Ottawa, ON K2P 1P9 Canada**

Date(s) debt was incurred _
Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __Professional Services__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.14 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | $20,000.00 |
|---|---|---|---|

**Harrington Park Advisors, LLC**
**512 Chestnut Street, Unit 105**
**Winnetka, IL 60093**

Date(s) debt was incurred _
Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __Professional Services__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.15 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | $8,346.00 |
|---|---|---|---|

**Herc Rentals**
**27500 Riverview Center Blvd, Suite 100**
**Bonita Springs, FL 34134**

Date(s) debt was incurred _
Last 4 digits of account number _

■ Contingent
■ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.16 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | $23,278.74 |
|---|---|---|---|

**Hyperice Normatec Compression**
**525 Technology Drive, Suite 100**
**Irvine, CA 92618**

Date(s) debt was incurred _
Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __Trade Debt__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.17 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | $159,312.41 |
|---|---|---|---|

**JF Architecture**
**2543 Manrow Road**
**Auburn, NY 13021**

Date(s) debt was incurred _
Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __Trade Debt__

Is the claim subject to offset? ■ No ☐ Yes

Debtor **iCRYO Brands, LLC**                    Case number (if known)   **26-90118**
_____
Name

| | |
|---|---|
| **3.18** | |

**Nonpriority creditor's name and mailing address**

**Jim Ginger**
**2016 Reef Drive**
**League City, TX 77573**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.                    **$32,000.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Deferred 1099 Payment**

Is the claim subject to offset? ■ No  ☐ Yes

---

| | |
|---|---|
| **3.19** | |

**Nonpriority creditor's name and mailing address**

**KS Wellness, LLC**
**c/o Alchemy Law Firm**
**1936 S. Broadway**
**Denver, CO 80210**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.                    **$30,000.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Franchisee Refund**

Is the claim subject to offset? ■ No  ☐ Yes

---

| | |
|---|---|
| **3.20** | |

**Nonpriority creditor's name and mailing address**

**L&W**
**550 West Adams Street**
**Chicago, IL 60661**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.                    **$9,000.00**

■ Contingent
■ Unliquidated
■ Disputed

Basis for the claim:  **Trade Debt**

Is the claim subject to offset? ■ No  ☐ Yes

---

| | |
|---|---|
| **3.21** | |

**Nonpriority creditor's name and mailing address**

**Law Offices of Kevin Keelin**
**1231 Upland Drive #18852**
**Houston, TX 77043**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.                    **$521.39**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Professional Services**

Is the claim subject to offset? ■ No  ☐ Yes

---

| | |
|---|---|
| **3.22** | |

**Nonpriority creditor's name and mailing address**

**Now CFO Dallas III, LLC**
**13355 Noel Road, Ste 1100**
**Dallas, TX 75240**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.                    **$2,294.26**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No  ☐ Yes

---

| | |
|---|---|
| **3.23** | |

**Nonpriority creditor's name and mailing address**

**Oxy-Health, LLC**
**10719 Norwalk Boulevard**
**Santa Fe Springs, CA 90670**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.                    **$237,797.00**

■ Contingent
■ Unliquidated
■ Disputed

Basis for the claim:  **Trade Debt**

Is the claim subject to offset? ■ No  ☐ Yes

---

| | |
|---|---|
| **3.24** | |

**Nonpriority creditor's name and mailing address**

**Quarles Law**
**Two North Central Avenue**
**Suite 600**
**Phoenix, AZ 85004**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.                    **$100,910.50**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No  ☐ Yes

---

| Debtor | **iCRYO Brands, LLC** | Case number (if known) | **26-90118** |
|---|---|---|---|

Name

---

| 3.25 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$19,128.65** |
|---|---|---|---|

**Robert Half**
**PO Box 743295**
**Los Angeles, CA 90074**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.26 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$136,586.00** |
|---|---|---|---|

**Robert Morgan**
**888 Davis**
**League City, TX 77573**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.27 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$71,243.00** |
|---|---|---|---|

**Scott Briner**
**12517 Grayton Drive**
**La Marque, TX 77568**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.28 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$174,000.00** |
|---|---|---|---|

**Soham Inc dba Zenoti**
**15395 SE 30th Place, Suite 100**
**Bellevue, WA 98007**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _Trade Debt_

Last 4 digits of account number _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.29 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$137,500.00** |
|---|---|---|---|

**Sonora Services, LLC**
**4606 Ecret Drive**
**Dickinson, TX 77539**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _Promissory Note_

Last 4 digits of account number _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.30 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$46,392.00** |
|---|---|---|---|

**Sunlighten Saunas**
**10975 El Monte St.**
**Leawood, KS 66211**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _Trade Debt_

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.31 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$20,996.00** |
|---|---|---|---|

**Taylor & Company**
**505 W Crawford Street**
**Denison, TX 75020**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _Professional Services_

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **iCRYO Brands, LLC** | Case number (if known) | **26-90118** |
|---|---|---|---|

Name

| 3.32 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$16,835.00** |
|---|---|---|---|

**TC Millworks**
**PO Box 826**
**Bensalem, PA 19020**

■ Contingent
■ Unliquidated
■ Disputed

**Date(s) debt was incurred** _

Basis for the claim: _

**Last 4 digits of account number** _

Is the claim subject to offset? □ No ■ Yes

---

| 3.33 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,027,189.00** |
|---|---|---|---|

**Theralight**
**175 1800 W, Suite 107**
**Lindon, UT 84042**

□ Contingent
□ Unliquidated
□ Disputed

**Date(s) debt was incurred** _

Basis for the claim: __Trade Debt__

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No □ Yes

---

| 3.34 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$20,571.50** |
|---|---|---|---|

**UB Greensfelder, LP**
**200 W. Madison Street, Suite 3300**
**Chicago, IL 60606-3607**

□ Contingent
□ Unliquidated
□ Disputed

**Date(s) debt was incurred** _

Basis for the claim: __Professional Services__

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No □ Yes

---

| 3.35 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$19,460.00** |
|---|---|---|---|

**Vi Technologies Inc**
**110 E 25th Street, Office 412**
**New York, NY 10010**

■ Contingent
■ Unliquidated
■ Disputed

**Date(s) debt was incurred** _

Basis for the claim: __Vendor__

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No □ Yes

---

| 3.36 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$65,390.00** |
|---|---|---|---|

**Voltex Electric**
**c/o George Beck**
**9945 Mango**
**Houston, TX 77075**

□ Contingent
□ Unliquidated
□ Disputed

**Date(s) debt was incurred** _

Basis for the claim: __Construction Expense__

**Last 4 digits of account number** _

Is the claim subject to offset? ■ No □ Yes

---

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. $ | **1,379,703.93** |
| **5b. Total claims from Part 2** | 5b. + $ | **5,786,519.19** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. $ | **7,166,223.12** |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **iCRYO Brands, LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) | **26-90118** |

☐ Check if this is an amended filing

## Official Form 206G
# Schedule G: Executory Contracts and Unexpired Leases          12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ☑ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal* *Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1.  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | **See Exhibit Schedule G - Other Contracts** |

**iCRYO Brands, LLC**
Case #26-90118
Exhibit Schedule G - Other Contracts

| Contract Description | Creditor | Creditor Adddress | Guarantors / Co-Debtors | Effective Date | Expiration Date | Amount Due |
|---|---|---|---|---|---|---|
| **Agreements with iCRYO Brands, LLC** | | | | | | |
| Consulting Agreement | Bob Morgan | 959 South Perkins Ferry Rd., Lake Charles, LA  70611 | | 4/22/2025 | 4/22/2029 | |
| | | | | | | |
| Notice Party for Bluevine Inc. | P & B Capital Group, LLC | 455 Center Rd, West Seneca, NY  14224 | iCRYO Franchise Systems, LLC, 2925 Gulf Freeway South, Suite B #350, League City, TX  77573 | | | |
| Servicer for Celtic Bank Corporation | Bluevine Inc. | 401 Warren St, Suite 300, Redwood City, CA  94063 | | | | |
| Financing and Security Agreement | Celtic Bank Corporation | NO ADDRESS IN AGREEMENT | Williams Jones, 2108 Kildare Drive, Pearland, TX  77581 | | | |
| | | | | | | |
| General Security Agreement | CryoBuilt, Inc./Cryo Equipment Financing, LLC | 1534 N. Market Boulevard, Sacramento, CA  95834 | | 5/4/2024 | | |
| | | | | | | |
| Promissory Note and Security Agreement ($1,350,000) | Defoy Holding, Inc. | 2915 Ogletown Road, Newark, DE  19713 | iCRYO Franchise Systems, LLC, 2925 Gulf Freeway South, Suite B #350, League City, TX  77573 | 3/16/2025 | 3/31/2027 | |
| UCC Financing Statement | Secretary of State, Texas | Secured Party: Defoy Holding, Inc. | | 3/25/2025 | | |
| Promissory Note and Security Agreement ($80,000) | Defoy Holding, Inc. | 2915 Ogletown Road, Newark, DE  19713 | Kyle Jones, 631 Rita Clanca Drive, Webster, TX  77598 | 12/22/2025 | 3/31/2027 | |
| | | | | | | |
| Amended Loan Authorization and Agreement (LA&A) Loan #9035638003 | U.S. Small Business Administration | Office of Disaster Asistance, 14925 Kingsport Rd., Ft. Worth, TX 76155 | iCRYO Franchise Systems, LLC, 2925 Gulf Freeway South, Suite B #350, League City, TX  77573  Williams Jones, 2108 Kildare Drive, Pearland, TX  77581  Kyle Jones, 631 Rita Clanca Drive, Webster, TX  77598 | 7/6/20 1/26/2022 (Effective) | 7/6/2050 | |
| | | | | | | |
| Promissory Note ($1,027,189) | Theralight, LLC | 175 North 1800 West, Suite 105-108, Lindon, UT  84604 | | 9/18/2025 | | |
| | | | | | | |
| Subscription Agreement | Soham, Inc., d.b.a. Zenoti | 15395 SE 30th Place, Suite 100, Bellevue, WA 98007 | | 4/14/2022 | | |
| | | | | | | |
| D&O Insurance Policy | Hamilton Select Insurance Inc | PO Box 5189, Glen Allen, VA  23058 | | 2/23/2025 | 2/23/2026 | |
| D&O Insurance Policy | Novatae Risk Group LLC Jacksonville | 12025 San Jose Blvd, Jacksonville, FL  32223 | | 2/23/2025 | 2/23/2025 | |

**iCRYO Brands, LLC**

Case #26-90118

Exhibit Schedule G - Other Contracts

| Contract Description | Creditor | Creditor Adddress | Guarantors / Co-Debtors | Effective Date | Expiration Date | Amount Due |
|---|---|---|---|---|---|---|
| Promissory Note | Oxy-Health, LLC | 10719 Norwalk Bouleveard, Santa Fe Springs, CA  90670 | | 9/18/2025 | | $ 237,797.00 |

**iCRYO Brands, LLC**
Case #26-90118
Exhibit Schedule G - Other Contracts

| Contract Description | Creditor | Creditor Adddress | Guarantors / Co-Debtors | Effective Date | Expiration Date | Amount Due |
|---|---|---|---|---|---|---|
| Settlement Agreement | 360 DG OCLA, LLC c/o Debt Recovery Attorneys | 17595 Harvard Avenue, Suite C-557, Irvine, CA  92614 | | 3/23/2025 | | $ 125,000.00 |
| Lease | ABB WS LLC c/o Central Management Services, LLC | 820 Gessner, Suite 1525, Houston, TX  77024 | Kyle Jones, 631 Rita Clanca Drive, Webster, TX  77598 (eff. 2/4/25) | 1/13/2017 | | $ 71,630.00 |
| Business Loan, Guaranty, and Security Agreement | Agile Capital Funding, LLC | 104 E 25th Street, 10th Floor, New York, NY  10010 | | 5/17/2023 | | |
| Secured Promissory Note | Agile Lending, LLC | 104 E 25th Street, 10th Floor, New York, NY  10010 | | 8/9/2023 | | |
| Business Loan, Guaranty, and Security Agreement (Refinance) | Agile Lending, LLC c/o Business Expansion Funding, LLC | 244 Madison Ave, Suite 168, New York, NY  10016 | Kyle Jones, 631 Rita Clanca Drive, Webster, TX  77598 | 1/1/2025 | | |
| Business Guarantor | All iCRYO Brands Owned Affiliate Entities | 2925 Gulf Freeway South, Suite B #350, League City, TX  77573 | | | | |
| Forbearance Agreement | Business Expansion Funding, LLC | 244 Madison Ave, Suite 168, New York, NY  10016 | | 3/24/2025 | | |
| Installment Payment Agreement | CapChase Inc | 116 East 27th Street, 4th Floor, New York, NY  10016 | | 7/9/2025 | | $ 73,149.85 |
| Engagement Agreement | Harrington Park Advisors, LLC | 512 Chestnut Street, Unit 105, Winnetka, IL  60093 | | 5/30/2025 | 7/17/1905 | $ 20,000.00 |
| Services Agreement | Now CFO Dallas III, LLC | 13355 Noel Road, Ste 1100, Dallas, TX  75240 | | 2/21/2025 | 7/17/1905 | $ 2,294.26 |
| Supplier Agreement | HydraFacial, LLC | 3600 E Burnett Street, Long Beach, CA  90815 | | 4/1/2025 | 8/1/2026 | |
| Supplier Agreement | Medline Industries, LP | | | 4/11/2024 | 4/11/2027 | |
| Vendor Agreement | O3UV, LLC | 11968 Sweetwater Drive, Suite 2, Grand Ledge, MI  48837 | | 1/1/2023 | 1/1/2027 | |
| Vendor Agreement | PICO IV, Inc | 1610 R Street, Suite 300, Sacramento, CA  95811 | | 1/29/2025 | 1/29/2027 | |
| Vendor Agreement | Artemis Distribution, LLC | 800 Westchester Ave, Suite N-641, Rye Brook, NY  10753 | | 12/9/2024 | 12/9/2026 | |
| Equipment Purchase Agreement | CryoBuilt | 1534 N Market Blvd, Sacramento, CA  95834 | | 12/31/2024 | 12/31/2026 | |
| Equipment Purchase Agreement | NEXTWellness USA, LLC | 8762 Lake Tibet Ct, Orlando, FL  32836 | | 5/1/2025 | 5/1/2026 | |
| Master Service Agreement - Marketing | Jump Forward Media, LLC | 1151 Savoy St, San Diego, CA  92107 | | 4/11/2025 | 4/11/2026 | |
| Master Service Agreement - Marketing | Lifted Logic | 7815 Floyd St, Overland Park, KS  66204 | | 2/19/2025 | 2/19/2026 | |
| Master Service Agreement - Marketing | Toole & Associates, LLC | 11810 Forest Heights Ct, Herndon, VA  20170 | | 11/22/2024 | 11/22/2026 | |

**iCRYO Brands, LLC**
Case #26-90118
Exhibit Schedule G - Other Contracts

| Contract Description | Creditor | Creditor Adddress | Guarantors / Co-Debtors | Effective Date | Expiration Date | Amount Due |
|---|---|---|---|---|---|---|
| Master Service Agreement - Marketing | UpSwell, LLC | 1850 Parkways Place SE, Suite 1000, Marietta, GA  30067 | | 6/18/2025 | 6/18/2027 | |
| Master Service Agreement - Marketing | Wake and Make Media, LLC | 969 SE Federal Hwy, Suite 401, Stuart, FL  34994 | | 6/17/2025 | 6/17/2026 | |
| Master Service Agreement - Marketing | Advana Agency, LLC | 36868 Turtle Creek Ct, Farmington Hills, MI  48331 | | 1/14/2026 | 1/14/2027 | |
| **Agreements with iMED Consulting Group, LLC** | | | | | | |
| Vendor Agreement | Seca Corporation | 13601 Benson Ave, Chino, CA  91710 | | 10/1/2023 | 10/1/2026 | |
| **Agreements with PAMCO Supply, LLC** | | | | | | |
| Vendor Agreement | DreamSeats, LLC | 1301 S Shamrock Ave, Landrum, SC  29356 | | 3/12/2025 | 3/12/2026 | |
| **Agreements with RWES, LLC** | | | | | | |
| Goods & Services Agreement | HyperIce Inc | 525 Technology Drive, Suite 100, Irving, CA  95618 | | 1/31/2025 | 1/31/2027 | |
| Vendor Agreement | Sauna Works Inc dba Clearlight Infrared | 1077 Eastshore Highway, Berkeley, CA  94710 | | 1/7/2025 | 1/7/2028 | |

**Fill in this information to identify the case:**

Debtor name    **iCRYO Brands, LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF TEXAS

Case number (if known)    **26-90118**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**      *Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **iCRYO Franchise Systems, LLC** | **2925 Gulf Freeway South, Suite B #350 League City, TX 77573** | **Agile Lending** | ■ D   **2.1** <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.2 | **Kyle Jones** | **631 Blanca Drive Webster, TX 77598** | **Agile Lending** | ■ D   **2.1** <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.3 | **Kyle Jones** | **631 Blanca Drive Webster, TX 77598** | **Cryo Built** | ☐ D _____ <br> ■ E/F   **3.10** <br> ☐ G _____ |
| 2.4 | **PAMCO Supply, LLC** | **2925 Gulf Freeway South, Suite B #350 League City, TX 77573** | **Aria Signs & Design LLC** | ☐ D _____ <br> ■ E/F   **3.5** <br> ☐ G _____ |
| 2.5 | **PAMCO Supply, LLC** | **2925 Gulf Freeway South, Suite B #350 League City, TX 77573** | **TC Millworks** | ☐ D _____ <br> ■ E/F   **3.32** <br> ☐ G _____ |

| Debtor | iCRYO Brands, LLC | Case number *(if known)* | 26-90118 |
|---|---|---|---|

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| 2.6 | **Team Construction Services, LLC** | 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | **L&W** | ☐ D _____ ■ E/F __3.20__ ☐ G _____ |
| 2.7 | **Team Construction Services, LLC** | 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | **Herc Rentals** | ☐ D _____ ■ E/F __3.15__ ☐ G _____ |
| 2.8 | **Zenith Marketing Agency, LLC** | 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | **Vi Technologies Inc** | ☐ D _____ ■ E/F __3.35__ ☐ G _____ |
| 2.9 | **Houston Cryo Group, LLC** | 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.10 | **iCRYO Franchise Systems, LLC** | 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.11 | **iCRYO Preston Hollow, LLC** | 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.12 | **iMED Consulting Group, LLC** | 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.13 | **PAMCO Supply, LLC** | 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | | ☐ D _____ ☐ E/F _____ ☐ G _____ |

| Debtor | **iCRYO Brands, LLC** | | Case number *(if known)* | **26-90118** |

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** |

| 2.14 | **RWES, LLC** | **2925 Gulf Freeway South, Suite B #350**<br>**League City, TX 77573** | ☐ D _____<br>☐ E/F _____<br>☐ G _____ |
| 2.15 | **Team Construction Services, LLC** | **2925 Gulf Freeway South, Suite B #350**<br>**League City, TX 77573** | ☐ D _____<br>☐ E/F _____<br>☐ G _____ |
| 2.16 | **Zenith Marketing Agency, LLC** | **2925 Gulf Freeway South, Suite B #350**<br>**League City, TX 77573** | ☐ D _____<br>☐ E/F _____<br>☐ G _____ |

**Fill in this information to identify the case:**

Debtor name    **iCRYO Brands, LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF TEXAS

Case number (if known)    **26-90118**

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

**Part 1:**    **Income**

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2026** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$1,225.00** |
| **For prior year:**<br>From **1/01/2025** to **12/31/2025** | ■ Operating a business<br>☐ Other _____ | **$1,069,023.35** |
| **For year before that:**<br>From **1/01/2024** to **12/31/2024** | ■ Operating a business<br>☐ Other _____ | **$5,198,152.79** |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| | | |

---

**Part 2:**    **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| | | | |

Debtor   **iCRYO Brands, LLC**                                          Case number *(if known)*   **26-90118**

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1.   **IPFS Corporation**<br>**170 Northpointe Pkwy, Suite 300**<br>**Buffalo, NY 14228** | **11/17/25 &**<br>**12/3/25 -**<br>**iCRYO**<br>**Brands, LLC**<br>**1/15/26 &**<br>**1/29/26 -**<br>**iMED**<br>**Consulting**<br>**Group, LLC** | **$14,934.70** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other __Insurance__ |

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.   **See SOFA Exhibit 4** | | **$648,981.38** | |

5.  **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6.  **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:   Legal Actions or Assignments**

7.  **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.   **Arbitration with creditor 360 DG OCLA, LLC**<br>**01-24-0009-2605** | **Breach of Contract** | **Arbitration** | ☐ Pending<br>☐ On appeal<br>■ Concluded |

8.  **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

| Debtor | iCRYO Brands, LLC | Case number *(if known)* | 26-90118 |

■ None

9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:   Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:   Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Lain, Faulkner & Co., P.C.**<br>**400 N. St. Paul #600**<br>**Dallas, TX 75201** | | **12/17/25 -**<br>**$10,000.00**<br>**12/31/25 -**<br>**$40,000.00** | **$50,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor?<br>**iMED Consulting Group, LLC** | | | |
| 11.2. | **Driver Stephenson, PLLC**<br>**13155 Noel Road, Suite 900**<br>**Dallas, TX 75240** | | **12/2/25** | **$10,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

Debtor    iCRYO Brands, LLC                                          Case number *(if known)*   26-90118

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.3. | **Driver Stephenson, PLLC** **13155 Noel Road, Suite 900** **Dallas, TX 75240** | | **12/29/25** | **$40,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? **iMED Consulting Group, LLC** | | | |
| 11.4. | **Driver Stephenson, PLLC** **13155 Noel Road, Suite 900** **Dallas, TX 75240** | | **1/20/25** | **$65,685.84** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? **Defoy Holding, Inc.** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    □ None.

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | **Robert Morgan** **888 Davis** **League City, TX 77573** | **Boat and 2019 GMC transferred in exchange for debt owed under a promissory note from Brands.** | **November 8, 2024** | **$40,000.00** |
| | Relationship to debtor **Insider** | | | |
| 13.2. | **See Notes** | | | **$0.00** |
| | Relationship to debtor **Insider** | | | |

| Part 7: | Previous Locations |
|---|---|

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

| Debtor | iCRYO Brands, LLC | Case number *(if known)* | 26-90118 |

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---------|-------------------------------|

## Part 8: Health Care Bankruptcies

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

    ■ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---------------------------|----------------------------------------------------------------------------------|---------------------------------------------------------------------------|

## Part 9: Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ■ No.
    ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ■ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|----------------------------------------|--------------------------------|-------------------------------|------------------------------------------------------|------------------------------------------|
| 18.1. | **Third Coast Bank**<br>**PO Box 3871**<br>**Humble, TX 77347-3871** | **XXXX-5445** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **5/16/2025** | **$98.04** |
| 18.2. | **Third Coast Bank**<br>**PO Box 3871**<br>**Humble, TX 77347-3871** | **XXXX-5336** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **5/16/2025**<br>**iMed Consulting Group, LLC** | **$11,493.14** |

| Debtor | iCRYO Brands, LLC | | Case number *(if known)* | 26-90118 |

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.3. | **Third Coast Bank**<br>**PO Box 3871**<br>**Humble, TX 77347-3871** | **XXXX-5544** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **5/16/2025**<br>**PAMCO Supply, LLC** | **$2,908.60** |
| 18.4. | **Third Coast Bank**<br>**PO Box 3871**<br>**Humble, TX 77347-3871** | **XXXX-5569** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **5/16/2025**<br>**RWES, LLC** | **$7.48** |
| 18.5. | **Third Coast Bank**<br>**PO Box 3871**<br>**Humble, TX 77347-3871** | **XXXX-5577** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **5/16/2025**<br>**Zenith Marketing Agency, LLC** | **$14.96** |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| **Public Storage**<br>**20602 Gulf Freeway**<br>**Webster, TX 77598** | **Kyle W. Jones & Erick Gifford** | **Business Records & PP&E** | ☐ No<br>■ Yes |

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

| Part 12: | Details About Environment Information |

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

| Debtor | iCRYO Brands, LLC | Case number *(if known)* | 26-90118 |
|---|---|---|---|

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**  **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|
| 25.1. **iCRYO Franchise Systems, LLC** 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | **Franchisor** | **EIN:** **From-To** |
| 25.2. **RWES, LLC** 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | **Equipment Procurement** | **EIN:**  32-074541502 **From-To** |
| 25.3. **Houston Cryo Group, LLC** 2925 Gulf Freeway South, Suite B #350 League City, TX 77573 | **Prior Corporate Location** | **EIN:**  32-0768869257 **From-To**  11/27/2017 - 08/2024 |

Debtor   **iCRYO Brands, LLC**                                           Case number *(if known)*   **26-90118**

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| 25.4.   **PAMCO Supply, LLC**<br>**2925 Gulf Freeway South,**<br>**Suite B #350**<br>**League City, TX 77573** | **FF&E Procurement** | EIN:   **32-086701524**<br><br>From-To |
| 25.5.   **Team Construction Services,**<br>**LLC**<br>**2925 Gulf Freeway South,**<br>**Suite B #350**<br>**League City, TX 77573** | **Construction Services** | EIN:   **32-074541692**<br><br>From-To |
| 25.6.   **iMED Consulting Group, LLC**<br>**2925 Gulf Freeway South,**<br>**Suite B #350**<br>**League City, TX 77573** | **Medical Services** | EIN:   **32-083535578**<br><br>From-To |
| 25.7.   **Zenith Marketing Agency,**<br>**LLC**<br>**2925 Gulf Freeway South,**<br>**Suite B #350**<br>**League City, TX 77573** | **Marketing** | EIN:   **32-102937573**<br><br>From-To |
| 25.8.   **iCRYO Preston Hollow, LLC**<br>**2925 Gulf Freeway South,**<br>**Suite B #350**<br>**League City, TX 77573** | **Corporate Location** | EIN:   **32-067042591**<br><br>From-To |

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1.   **Latricia Mills**<br>**401 White Oak Pointe**<br>**League City, TX 77573** | **08/2023 - 01/2026** |
| 26a.2.   **Terra Holmes**<br>**6022 Wakanda Lane**<br>**Houston, TX 77048** | **06/2023 - 07/2025** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26b.1.   **Kezos & Dunlavey Certified Public**<br>**Accountants & Business Advisors**<br>**1240 E 100 S, Suite 3**<br>**Saint George, UT 84790** | **2022 - 2025** |

| Debtor | iCRYO Brands, LLC | | Case number *(if known)* | 26-90118 |
|---|---|---|---|---|

| Name and address | Date of service From-To |
|---|---|
| 26b.2. | **Taylor & Company** **505 W. Crawford St.** **Denison, TX 75020** | **2023 - 2024** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. | **Taylor & Company** **505 W. Crawford St.** **Denison, TX 75020** | **2023 - 2024** |
| 26c.2. | **Kezos & Dunlavey Certified Public Accountants & Business Advisors** **1240 E 100 S, Suite 3** **Saint George, UT 84790** | **2022 - 2025** |
| 26c.3. | **Lain, Faulkner & Co., P.C.** **400 N. St. Paul #600** **Dallas, TX 75201** | |
| 26c.4. | **Latricia Mills** **401 White Oak Pointe** **League City, TX 77573** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

27. **Inventories**

List the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Kelly McCullough, CRO** | **Lain, Faulkner & Co., P.C.** **400 N. St. Paul #600** **Dallas, TX 75201** | **Chief Restructuring Officer** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Bob Morgan** | **888 Davis** **League City, TX 77573** | **President** | **2.067%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **R. Scott Briner** | **12517 Grayton Dr.** **La Marque, TX 77568** | **Chief Administration Officer** | **2.067%** |

| Debtor | iCRYO Brands, LLC | Case number *(if known)* | 26-90118 |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Kyle W. Jones | 631 Rita Blanca Drive Webster, TX 77598 | CEO, Chairman of Board | 09/2024 - 01/21/2026 |
| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| William Jones | 2108 Kildare Drive Pearland, TX 77581 | CEO | 03/2016 - 09/2024 |
| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| Terra Holmes | 6022 Wakanda Lane Houston, TX 77048 | CFO | 06/2023 - 07/2025 |
| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| Phillipe-Antoine Defoy | 3705 Place Java, Unit 220 Brossard, Qc, J4Y 0E4 | Board Member | 02/2024 - 08/2025 |
| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| James Ginger | 2016 Reef Dr. League City, TX 77573 | Chief Construction Officer | 12/2022 - 08/2025 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | **See SOFA Exhibit 4** | | | |
| | **Relationship to debtor** | | | |

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

Debtor     iCRYO Brands, LLC                                      Case number *(if known)*   26-90118

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | |

**Part 14:**   Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **February 26, 2026**

**/s/ Kelly McCullough**                                    **Kelly McCullough**
Signature of individual signing on behalf of the debtor       Printed name

Position or relationship to debtor     **Chief Restructuring Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes